# COMPOSITE

# EXHIBIT 1

Begin forwarded message:

**From:** Teresa Gonzalez <tgonzalez@dortaandortega.com>
**Date:** March 17, 2026 at 15:21:41 GMT+1
**To:** lenache@me.com
**Cc:** Omar Ortega <oortega@dortaandortega.com>, Rosdaisy Rodriguez <rrodriguez@dortaandortega.com>, Andrea Fuentes <afuentes@dortaandortega.com>, Dayana Cruz <dcruz@dortaandortega.com>
**Subject: Service of Court Documents - Court:Fifteenth Judicial Circuit in and for Palm Beach County, Florida Case #:502026CA000871XXXAMB Court Case #:50-2026-CA-000871-XXXA-MB Case Style:SHCHEGOLEV, OLEG - SHCHEGOLEVA, ELENA V**

| COURT: | Fifteenth Judicial Circuit in and for Palm Beach County, Florida |
|---|---|
| CASE NO: | 50-2026-CA-000871-XXXA-MB |
| PLAINTIFF: | OLEG G. SHCHEGOLEV |
| DEFENDANT: | ELENA V. SHCHEGOLEVA, and ROBERT HENOCH |

TITLE OF DOCUMENT:

- Order Granting Motion to Serve Process on Defendant, Elena V. Shchegoleva, Electronically by Email

- Summons Issued

- Complaint

- First Set of Requests for Admissions

- First Request for Production of Documents
- First Set of Interrogatories
- Uniform Differentiated Case Management Order and  Order Setting Trial

SENDERS NAME:

Teresa Gonzalez

Legal Assistant | Dorta & Ortega, P.A.

3860 SW 8 Street, Penthouse

Coral Gables, FL 33134

Phone 305.461.5454 | Fax 305.461.5226

tgonzalez@dortaandortega.com |www.dortaandortega.com



The enclosed documents are being served upon you via email pursuant to the enclosed Order Granting Motion to Serve Process on Defendant, Elena V. Shchegoleva, Electronically by Email § 48.197(c), Fla. Stat. (2025).

A lawsuit has been filed against you. You have 20 calendar days to file a written response to Plaintiff, Oleg G. Shchegolev Complaint, and 45 days to answer to Plaintiff, Oleg G. Shchegolev First Set of Requests for Admissions, First Request for Production of Documents, and First Set of Interrogatories with the clerk of this circuit court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file a written response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning

**from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office.**

**If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to Omar Ortega, Esquire., Dorta & Ortega, P.A. 3860 SW 8 Street, Penthouse Coral Gables, FL 33134 , and file your response with the Court, located at Judge Daniel T.K. Hurley Courthouse, 205 North Dixie Hwy. West Palm Beach, FL 33401.**

From: **Teresa Gonzalez** <tgonzalez@dortaandortega.com>
Date: Wed, 18 Mar 2026 at 18:11
Subject: Service of Court Documents - Court:Fifteenth Judicial Circuit in and for Palm Beach County, Florida Case #:502026CA000871XXXAMB Court Case #:50-2026-CA-000871-XXXA-MB Case Style:SHCHEGOLEV, OLEG - SHCHEGOLEVA, ELENA V
To: robert@rhenochlaw.com <robert@rhenochlaw.com>
CC: Omar Ortega <oortega@dortaandortega.com>, Rosdaisy Rodriguez <rrodriguez@dortaandortega.com>, Andrea Fuentes <afuentes@dortaandortega.com>, Dayana Cruz <dcruz@dortaandortega.com>

| COURT: | Fifteenth Judicial Circuit in and for Palm Beach County, Florida |
|---|---|
| CASE NO: | 50-2026-CA-000871-XXXA-MB |
| PLAINTIFF: | OLEG G. SHCHEGOLEV |
| DEFENDANT: | ELENA V. SHCHEGOLEVA, and ROBERT HENOCH |
| TITLE OF DOCUMENT: | <ul><li>Order Granting Motion to Serve Process on Defendant, Robert Henoch, Electronically by Email</li><li>Summons Issued</li><li>Complaint</li><li>First Set of Requests for Admissions</li><li>First Request for Production of Documents</li><li>First Set of Interrogatories</li><li>Uniform Differentiated Case Management Order and Order Setting Trial</li></ul> |

1

| SENDERS NAME: | Teresa Gonzalez |
|---|---|
| | Legal Assistant \| Dorta & Ortega, P.A. |
| | 3860 SW 8 Street, Penthouse |
| | Coral Gables, FL 33134 |
| | Phone 305.461.5454 \| Fax 305.461.5226 |
| | tgonzalez@dortaandortega.com  \|www.dortaandortega.com |
| | ☐ |

The enclosed documents are being served upon you via email pursuant to the enclosed Order Granting Motion to Serve Process on Defendant, Robert Henoch, Electronically by Email § 48.197(c), Fla. Stat. (2025).

A lawsuit has been filed against you. You have 20 calendar days to file a written response to Plaintiff, Oleg G. Shchegolev Complaint, and 45 days to answer to Plaintiff, Oleg G. Shchegolev First Set of Requests for Admissions, First Request for Production of Documents, and First Set of Interrogatories with the clerk of this circuit court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file a written response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office.

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to Omar Ortega, Esquire., Dorta & Ortega, P.A. 3860 SW 8 Street, Penthouse Coral Gables, FL 33134  , and file your response with the Court, located at Judge Daniel T.K. Hurley Courthouse, 205 North Dixie Hwy. West Palm Beach, FL 33401.

2

Case 9:26-cv-80383-DMM   Document 1-1   Entered on FLSD Docket 04/06/2026   Page 7 of 72

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.:

OLEG G. SHCHEGOLEV, an individual,

      *Plaintiff*,

v.

ELENA V. SHCHEGOLEVA, an individual, and,
ROBERT HENOCH, an individual

      *Defendant.*

_____/

## COMPLAINT

Plaintiff, Oleg G. Shchegolev, hereby files this Complaint against Defendants, Elena V. Shchegoleva and Robert Henoch, and in support thereof state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Oleg G. Shchegolev ("Mr. Shchegolev"), is an individual over the age of eighteen, and is otherwise *sui juris*.

2. Defendant, Elena V. Shchegoleva ("Mrs. Shchegoleva"), is an individual over the age of eighteen, and is otherwise *sui juris*.

3. Defendant, Robert Henoch ("Mr. Henoch"), is an individual over the age of eighteen, and is otherwise *sui juris*.

4. This is an action for damages wherein the value of the matter in controversy exceeds $50,000, exclusive of interest and attorneys' fees.

5. This Court has jurisdiction over this matter pursuant to Fla. Stat. §48.193 because the Defendants engaged in substantial and not isolated activities in Florida and/or have committed tortious acts within this state, and the causes of action accrued in Florida.

6. Venue is properly found in this Court pursuant to Fla. Stat. §47.011 because  the

*Oleg Shchegolev v. Elena Shchegoleva, et al.*
Complaint
Page 1 of 5

causes of action accrued in Palm Beach, Florida.

7.     Mr. Shchegolev has retained the law firm of Dorta & Ortega, P.A. to represent him in connection with the filing of this action and has agreed to pay counsel a reasonable fee for their services.

8.     All conditions precedent for bringing this action have been fully performed, waived or have been excused.

### GENERAL ALLEGATIONS

9.     Mr. Shchegolev is currently in divorce proceedings against his soon to be ex-wife, Mrs. Shchegoleva.

10.    Mr. Henoch is part of Mrs. Shchegoleva's legal team in the proceedings.

11.    Mr. Shchegolev's and Mrs. Shchegoleva's counsel were working on a Confidential Settlement Agreement ("Agreement") regarding the proceedings, which Mr. Shchegolev's counsel drafted and sent to Mrs. Shchegoleva's legal team.

12.    Mr. Henoch revised, edited, and returned the agreement, without redlines, along with additional documents to Mr. Shchegolev's counsel.

13.    On or around January 14, 2026, and during the midst of settlement negotiations, Mr. Henoch emailed correspondence dated January 12, 2026, and captioned Notice to Preserve Evidence ("Notice"), to various individuals, including, but not limited to, Sviatlana Pernia, Asher Lev, and Maxim Roslyakov, all residents of the state of Florida.

14.    In the Notice, Mr. Henoch asserts that Mr. Shchegolev has engaged in "fraudulent conduct." *See* **Exhibit A**, copy of Notice and transmission email.  Moreover, each named recipient of the Notice is advised of their "role and involvement" in the "fraudulent conduct" involving Mr. Shchegolev, including various trusts and businesses owned or controlled by Mr. Shchegolev, as

well as other assets owned or controlled by Mr. Shchegolev, over the past nine (9) years, including shares of SEMrush Inc. (the "Company").  At the time the Notices were sent to the various individuals (all of whom are non-parties to the dissolution proceedings), Defendants were aware of a pending contract and closing involving a buyout of the Company.

15.     On January 19, 2026, Mr. Shchegolev's counsel sent an email with an attached letter ("Letter") to Mr. Henoch highlighting the wrongfulness of his statements in the Notice. *See* **Exhibit B**, copy of Letter.

16.     On January 20, 2026, Mr. Henoch noted Mr. Shchegolev's counsel's objections in the January 19th email and letter attached to Mr. Shchegolev's counsel's email, yet he did not retract his statements.

17.     The Notices referenced herein were all published subsequent to previous conduct of the Defendants threatening Mr. Shchegolev with various scenarios, including without limitation: a $700 (plus) million judgment being entered against him; Defendant (Mrs. Shchegoleva) receiving all of Mr. Shchegolev's assets in a fraud litigation; Mr. Shchegolev being subject to an impending bankruptcy; and Mr. Shchegolev being forced to cede control of the Company.  These threatened scenarios further demonstrate the malicious intent by Defendants in publishing the Notices.

## COUNT I – DEFAMATION
(against Elena Shchegoleva)

18.     Mr. Shchegolev re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above, as if fully set forth herein.

19.     Mrs. Shchegoleva, through agents acting on her behalf, published false and defamatory statements of, and concerning, Mr. Shchegolev by sending non-parties the Notice.

20. Mrs. Shchegoleva published the false and defamatory statements without reasonable care as to the truth or falsity of those statements, with malice and the intent to harm Mr. Shchegolev and solely as a strategy to extort (extract) an unreasonable settlement amount in the divorce proceedings.

21. Mrs. Shchegoleva's publication of the false and defamatory statements has caused damage and injury to Mr. Shchegolev.

WHEREFORE, Mr. Shchegolev hereby requests that this Court enter judgment in his favor and against Mrs. Shchegoleva for damages, prejudgment interest, costs, expenses, and such other relief as this Court deems just and equitable.

## COUNT II – DEFAMATION
(against Robert Henoch)

22. Mr. Shchegolev re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above, as if fully set forth herein.

23. Mr. Henoch, as an agent acting on Mrs. Shchegoleva's behalf, published false and defamatory statements of, and concerning, Mr. Shchegolev by sending various non-parties the Notice.

24. Mr. Henoch published the false and defamatory statements without reasonable care as to the truth or falsity of those statements, with malice and the intent to harm Mr. Shchegolev and solely as a strategy to extort (extract) an unreasonable settlement amount in the divorce proceedings.

25. Mr. Henoch's publication of the false and defamatory statements has caused damage and injury to Mr. Shchegolev.

WHEREFORE, Mr. Shchegolev hereby requests that this Court enter judgment in his favor and against Mr. Henoch for damages, prejudgment interest, costs, expenses, and such other relief as this Court deems just and equitable.

**COUNT III – CONSPIRACY TO DEFAME**
(against Elena Shchegoleva and Robert Henoch)

26.     Mr. Shchegolev re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above, as if fully set forth herein.

27.     Mrs. Shchegoleva and Mr. Henoch agreed and conspired to publish false and defamatory statements regarding Mr. Shchegolev to non-parties through written correspondence.

28.     Mrs. Shchegoleva and Mr. Henoch each made overt acts in furtherance of the conspiracy, including by drafting the Notice and publishing it.

29.     Mrs. Shchegoleva and Mr. Henoch knowingly participated in the conspiracy.

30.     As a result of the conspiracy and the overt acts, Mr. Shchegolev has suffered damages.

WHEREFORE, Mr. Shchegolev hereby requests that this Court enter judgment in his favor and against Mrs. Shchegoleva and Mr. Henoch for damages, prejudgment interest, costs, expenses, and such other relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Mr. Shchegolev hereby demands a trial by jury on all issues so triable.

Dated: January 23, 2026.                    Respectfully submitted,


**DORTA & ORTEGA, P.A.**

 /s/   *Omar Ortega*
**Omar Ortega, Esq.**
Florida Bar No.: 0095117
**Victor Santana, Esq.**
Florida Bar No.: 1065277
**Andrea Fuentes, Esq.**
Florida Bar No.: 1059745
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Phone: (305)461-5454
Facsimile: (305)461-126
Email: OOrtega@dortaandortega.com
Email: VSantana@dortaandortega.com
Email: AFuentes@dortaandortega.com
Email: DCruz@dortaandortega.com
Email: TGonzalez@dortaandortega.com
Email: Service@dortaandortega.com

# Exhibit A

 **Gmail**

Oleg Shchegolev <oleg@shchegolev.com>

## Fwd: Preservation Letter.

1 message

---

**Maxim Roslyakov** <xamsor@gmail.com>                                    Fri, Jan 23, 2026 at 7:10 PM
To: Oleg <oleg@shchegolev.com>

---------- Forwarded message ---------
From: **Robert Henoch** <robert@rhenochlaw.com>
Date: Wed, Jan 14, 2026 at 5:53 PM
Subject: Fwd: Preservation Letter.
To: Maxim Roslyakov <xamsor@gmail.com>, <maxim.roslyakov@semrush.com>
Cc: Shmuel Perl <shmuel@rhenochlaw.com>

Dear Mr. Roslyakov,

Please see the attached. Feel free to call if you have any questions.

Best Regards,

Robert

---

📄 **Notice of Duty to Preserve Documents Materials and Communications Maksim Roslyakov January 12, 2026.pdf**
322K



LAW OFFICES OF ROBERT HENOCH

ROBERT@RHENOCHLAW.COM

January 12, 2026

**VIA ELECTRONIC MAIL**

Re: Notice to Preserve Evidence ("Notice")

Dear Mr. Roslyakov,

Our firm represents Elena Shchegoleva ("Ms. Shchegoleva") with respect to a dispute with her husband, Oleg Shchegolev ("Mr. Shchegolev") and prospective litigation related to such dispute (the "Matter"). We write to you regarding your role and involvement in or possession of information relating to fraudulent conduct involving Mr. Shchegolev, the Oleg Shchegolev Irrevocable Non-Exempt Trust of 2020, the Oleg Schegolev Irrevocable GST Trust of 2020 and other entities owned or controlled directly or indirectly by Mr. Shchegolev (the "Entities") and holdings and values of those holdings of the Entities and other assets owned or controlled by Mr. Shchegolev, over the past nine (9) years, including shares of SEMrush Inc. (the "Company"). We understand you may be generally aware of the Matter, the fraudulent conduct involving Mr. Shchegolev and the Entities (the "Conduct"), as well as related communications, representations and evidence regarding the ownership, assets and value of the Entities, whether physically or electronically stored, hereinafter collectively referred to as "Information"

Please be advised that both physical documents and electronically stored Information ("ESI") are important and irreplaceable sources of discovery and/or evidence in the Matter. Thus, please accept this letter as a formal demand and notice requiring you and/or your associates to preserve any and all relevant physical documents, records or files within your possession, custody or control which represent Information as well as Information from any computer systems, removable electronic media, and other locations over which you and/or your associates have access to or possession, custody or control of related to the Conduct, the Entities, the Company, or the Matter or any other similar physical Information or ESI.

This obligation to preserve shall extend to and include, but is not limited to, preserving email, electronic messages, texts (on both business and personal mobile devices) and other electronic communication, word processing documents, spreadsheets, databases, CAD files, calendars, telephone logs, contact manager information, Internet usage files, and network access information. You must preserve the following platforms in your possession, custody or control, or under the control of any third party under your direction (such as an employee or outside vendor under contract): databases, networks, computer systems, including legacy systems (hardware and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges and other storage media, laptops, personal computers, internet data, personal digital assistants,

1/12/2026
Page 2 of 9

handheld wireless devices, mobile telephones, paging devices, and audio systems (including voicemail) regarding the Information.

All of the information required to be preserved pursuant to this letter should be preserved for the following dates and time periods: January 2017 through the present time.

## PRESERVATION OBLIGATIONS

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, you must take every reasonable step to preserve this information until the final resolution of this matter.

This includes, but is not limited to, an obligation to:

- Discontinue all data destruction and backup tape recycling policies;

- Preserve and not dispose of relevant hardware unless an exact replica of the file (a mirror image of your drive on another clean drive) is made;

- Preserve and not destroy passwords, decryption procedures (and accompany software), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software;

- Maintain all other pertinent information and tools needed to access, review, and reconstruct necessary to access, view, and/or reconstruct all requested or potentially relevant electronic data.

## DESCRIPTION OF DATA SOUGHT

This Notice requires preservation of all information from your computer systems, removable electronic media and other locations relating to any contact, communication, or transaction with any person or entity relating to the Information. This includes, but is not limited to, emails, texts and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and network access information.

**I. Electronic Files.** You have an obligation to preserve all digital or analog electronic files in electronic format, regardless of whether hard copies of the information exist. This includes, but is not limited to, preserving:

A. Active data (i.e., data immediately and easily accessible on your systems today);

B. Archived data (i.e., data residing on backup tapes or other storage media);

Privileged and Confidential Attorney-Client Communication

1/12/2026
Page 3 of 9

    C. Deleted data (i.e., data that has been deleted from a computer hard drive but is recoverable through computer forensic techniques); and

    D. Legacy data (i.e., data created on old or obsolete hardware or software).

    E. You must preserve active, archived and legacy data including but not limited to:

        1. Word-processed files, including drafts and revisions;
        2. Spreadsheets, including drafts and revisions;
        3. Data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or google products);
        4. Data created with the use of personal data assistants (PDAs);
        5. Data created with the use of document management software; and
        6. Data created with the use of paper and electronic mail logging and routing software.

    F.  You must preserve media and data used by you on any personal or work computers, personal digital assistants, or mobile devices, or mobile phones, or external drives, or any remote or cloud storage services (storage on computers, hard drives ((whether HDD, SSD, RAM, SATA, or similar storage devices)), cloud or remote services, disks, SD cards, thumb drives, servers, sim cards, or any other storage devices or storage mediums which store digital, computer, or other data in electronic or digital form is collectively "Storage Devices"), specifically including, but not limited to your Storage Devices, or Storage devices of anyone acting on your behalf or over whom you have control, including but not limited to:

        1. Magnetic, optical or other storage media, including hard drives, drives or disks, thumb drives, SD cards (of any size), of any kind or nature, used by your computers or mobile devices;
        2. Backup media (i.e., other hard drives, backup tapes, floppies, Jaz cartridges, CD-ROMs) and the software necessary to reconstruct the data contained on the media; and
        3. Archived media (you should retain a mirror image copy of any media no longer in service but used during the following time periods): January 2017 through the present time.

**II. Hardware.** You have an obligation to preserve all electronic processing systems, even if they are replaced. This includes Storage Devices, computer servers, stand-alone personal computers, hard drives, laptops, PDAs, and other electronic processing devices. You should retain copies of any hardware or Storage Devices no longer in service but used during the following time period: January 2017 through the present time.

**III. Emails, Messages and Texts.** You have an obligation to preserve all potentially relevant internal and external emails and texts that were sent or received by you, regarding the Information. Emails, Messages and Texts must be preserved in electronic format, regardless of whether hard copies of the information exist.

**IV. Internet Web Activity.** You have an obligation to preserve all records of Internet and Web-browser generated files in electronic format, regardless of whether hard copies of the information exist. This includes Internet and Web-browser-generated history files, caches and

1/12/2026
Page 4 of 9

"cookies" files stored on backup media or generated by any individual employed by or through you.

**V. Activity Logs.** You have an obligation to preserve all hard copy or electronic logs documenting computer use by you.

**VI. Supporting Information.** You have an obligation to preserve all supporting information relating to the requested electronic data and/or media including:

A. Codebooks, keys, data dictionaries, diagrams, handbooks, or other supporting documents that aid in reading or interpreting database, media, email, hardware, software, or activity log information.

B. All passwords, access codes or any other information necessary to access any database, media, email, hardware, software, or activity log information.

## DESCRIPTION OF DOCUMENTS AND MEDIA THAT SHOULD BE PRESERVED

**I. Data Preservation.** You should immediately preserve all data and information about the data (i.e., backup activity logs and document retention policies) relating to documents maintained in the ordinary course of business. This includes, but is not limited to, the information listed below:

A. Emails, Messages and Texts and any relevant metadata, including message contents, header information, and email system logs that was sent or received by or is in the possession of the following parties and/or contains information about the following subjects related to the Information:

    1. Parties
        a) Ms. Shchegoleva
        b) Mr. Shchegolev
        c) The Entities
        d) Vendors, contractors or other third-parties associated with Ms. Shchegoleva or Mr. Schegolev regarding the Information or investigating or evaluating the Information.
        e) Vendors, contractors or other third-parties otherwise associated with the Information.

    2. Subject Matters:
        a) The Information
        b) The Entities
        c) The Conduct
        d) The Company
        e) Communications by and between any person or entity regarding or relating to the Information, the Entities, the Conduct or the Company.

Privileged and Confidential Attorney-Client Communication

1/12/2026
Page 5 of 9

B. Databases, Storage Devices, networks and servers and any information about or contained on or in the databases, Storage Devices, networks or servers that are in the possession or control of the following parties and/or contain information about the following subjects:

1. Parties
   a) Ms. Shchegoleva
   b) Mr. Shchegolev
   c) The Entities
   d) Vendors, contractors or other third-parties associated with Ms. Shchegoleva or Mr. Schegolev regarding the Information or investigating or evaluating the Information.
   e) Vendors, contractors or other third-parties otherwise associated with the Information.

2. Subject Matters:
   a) The Information
   b) The Entities
   c) The Conduct
   d) The Company
   e) Communications by and between any person or entity regarding or relating to the Information, the Entities, the Conduct or the Company.

C. All paper and/or electronic logs of computer system and network activity that pertain to electronic data storage that are in the possession of the following parties and/or contain information about the following subjects:

1. Parties
   a) Ms. Shchegoleva
   b) Mr. Shchegolev
   c) The Entities
   d) Vendors, contractors or other third-parties associated with Ms. Shchegoleva or Mr. Schegolev regarding the Information or investigating or evaluating the Information.
   e) Vendors, contractors or other third-parties otherwise associated with the Information.

2. Subject Matters:
   a) The Information
   b) The Entities
   c) The Conduct
   d) The Company
   e) Communications by and between any person or entity regarding or relating to the Information, the Entities, the Conduct or the Company.

Privileged and Confidential Attorney-Client Communication

1/12/2026
Page 6 of 9

D. All active and deleted copies of any electronic calendars or scheduling programs, including programs maintained on PDAs that are in the possession of the following parties and/or contain information about the following subjects:

1. Parties
a) Ms. Shchegoleva
b) Mr. Shchegolev
c) The Entities
d) Vendors, contractors or other third-parties associated with Ms. Shchegoleva or Mr. Schegolev regarding the Information or investigating or evaluating the Information.
e) Vendors, contractors or other third-parties otherwise associated with the Information.

2. Subject Matters:
a) The Information
b) The Entities
c) The Conduct
d) The Company
e) Communications by and between any person or entity regarding or relating to the Information, the Entities, the Conduct or the Company.

F. All active, archived, legacy, and deleted copies of any other electronic data that are in the possession of the following parties and/or contain information about the following subjects:

1. Parties
a) Ms. Shchegoleva
b) Mr. Shchegolev
c) The Entities
d) Vendors, contractors or other third-parties associated with Ms. Shchegoleva or Mr. Schegolev regarding the Information or investigating or evaluating the Information.
e) Vendors, contractors or other third-parties otherwise associated with the Information.

2. Subject Matters:
a) The Information
b) The Entities
c) The Conduct
d) The Company
e) Communications by and between any person or entity regarding or relating to the Information, the Entities, the Conduct or the Company.

**II. Data Storage Devices**

Privileged and Confidential Attorney-Client Communication

1/12/2026
Page 7 of 9

A. *Online Data Storage.* If you use any form of online, remote or "cloud" storage and/or direct access storage devices, they must immediately cease modifying or deleting any electronic data unless a computer forensic expert makes a mirror image of the electronic file, follows proper preservation protocols for assuring the accuracy of the file (i.e., chain of custody), and makes the file available for litigation.

B. *Offline Data Storage.* Offline data storage includes, but is not limited to, backup and archival media, floppy diskettes, magnetic, magneto-optical, and/or optical tapes and cartridges, DVDs, CDROMs, HHD, SSDs, SIM, RAM, SATA and other removable media. You should immediately suspend all activity that might result in destruction or modification of all of the data stored on any offline media. This includes overwriting, recycling or erasing all or part of the media. This request includes, but is not limited to, media used to store data from personal computers, laptops, mainframe computers, and servers.

C. *Data Storage Device Replacement.* If you replace any electronic data storage devices, including Storage Devices, you may not dispose of the storage devices.

D. *Preservation of Storage Devices.* You may not modify, delete or otherwise alter (i.e., by data compression, disk de-fragmentation, or optimization routines) any electronic data or data or digital media contained on a Storage Device, unless a computer forensic expert makes a mirror image of the electronic file, follows proper preservation protocols for assuring the accuracy of the file (i.e., chain of custody), and makes the file available for litigation. The expert must make a mirror image of active files, restored versions of deleted files, and restored versions of deleted file fragments, hidden files, and directory listings. This includes, but is not limited to, preserving electronic data (stored on online or offline storage devices) that came from the following hardware or software applications:

1. Fixed drives on stand-alone personal computers or laptops;
2. Network servers and workstations; and
3. Software application programs and utilities.

**PRESERVATION COMPLIANCE**

**I. Activity Log.** In order to show preservation compliance, you must maintain a log, documenting all alterations or deletions made to any electronic data storage device or any electronic data processing system. The log should include changes and deletions made by supervisors, employees, contractors, vendors, or any other third parties.

**II. Mirror Images.** You may elect to secure a mirror image copy (a bit-by-bit copy of a hard drive or Storage Device that ensures the data/digital storage/information is not altered during the imaging process) of all electronic data contained on the personal computers and/or laptops. The mirror image should include active files, deleted files, deleted file fragments, hidden files, directories, and any other data contained on the computer.

1/12/2026
Page 8 of 9

**III. Chain of Custody.** For each piece of media that you preserve, you must document a complete chain of custody. A proper chain of custody will ensure that no material changes, alterations or modifications were made while the evidence was handled. Chain of custody documentation must indicate where the media has been, whose possession it has been in, and the reason for that possession.

**IV. Electronic Data Created After This Notice.** For any electronic data created after this Notice or for any electronic processing systems used after this letter, you must take the proper steps to avoid destroying potentially relevant evidence. This includes following the above preservation protocols.

**V. Legacy Non- Electronic Data.** In addition to your preservation obligations of ESI pursuant to this letter above, you must also preserve non-ESI media, in their original unaltered format, and not modify or alter or destroy such non-ESI media, which includes, but is not limited to, any and all of the following related to the Information, the Entities, the Conduct or the Matter (whether printed, typed, handwritten):

a) Physical Copies of corporate, financial or tax records related to the Conduct or any drafts thereof.

b) Any and all physical documents related to the Information.

c) bills or receipts for any vendors or contractors related to the Information.

d) All corporate or ledger documents related to the Entities and the Company, including, but not limited to, formation documents, ledgers of transfers of interest, valuations of the Entities and the Company, written reports of value of the Entities and the Company or any assets thereof, stock certificates or certificates representing membership interest transfers, any documents regarding an transfers of interest or shares in the Entities and the Company.

e) All communications or documents in any printed form, whether letters, printed emails, notes, handwritten communications, photographs, reports, or otherwise, related to the Information.

g) All communications regarding investments in the Entities and the Company, including but not limited to, all documents or information for any person or entity buying an interest (and the valuation of the Entities and the Company for the purposes of such purchase), or investing by way of a convertible note or otherwise.

**Notice: You must take reasonable steps to ensure that any documents and records which are the subject of this letter are not destroyed as part of any regular or automatic document destruction procedure, whether ESI or physical documents.** The duty to identify and preserve potentially relevant information is essential. Failure to comply with that obligation could have serious consequences, including possible imposition of monetary sanctions or other non-monetary sanctions in any litigation. It is of critical importance that you comply with these instructions. Under no circumstances may you destroy or delete potentially relevant information regardless of whether that information may be harmful or helpful to anyone or any entity. The items referenced in this letter should be preserved through the resolution of this dispute, including any judgment and the final disposition of any appeal. **Compliance with these preservation obligations includes making all individuals responsible for any of the items referred to in this letter aware of the preservation obligations**.

Privileged and Confidential Attorney-Client Communication

1/12/2026
Page 9 of 9

Compliance with your preservation obligations includes forwarding a copy of this letter to all individuals or organizations that are responsible for any of the items referred to in this letter. If this correspondence is in any respect unclear, please contact me. If you wish to discuss the scope or cost of preserving the requested items above, please contact me and let me know in writing what ESI that you are preserving and how.

Sincerely,

Law Offices of Robert Henoch PLLC

Robert Henoch

# Exhibit B

# HAMILTON O'NEILL
## FAMILY LAW ATTORNEYS

Kathryn DeVane Hamilton
ADMITTED TO PRACTICE IN
FLORIDA & WASHINGTON STATES

January 19, 2026

**_VIA EMAIL_**
Robert Henoch, Esquire
Law Offices of Robert Henoch
1967 Wehrle Drive – Suite 1-086
Buffalo, NY 14221-8452
Robert@Rhenochlaw.com

Re:  Shchegolev v. Shchegoleva

Dear Mr. Henoch,

We are writing to you regarding your correspondence dated January 12, 2024 to Ms. Ellie Germ, which is captioned Notice to Preserve Evidence ("Notice").

Please be advised that your Notice contains defamatory statements falsely accusing Oleg Shchegolev of "fraudulent conduct," as well as implying that Ms. Germ may have a "role or involvement" in this asserted "fraudulent conduct."

It is readily apparent that these defamatory statements are intentionally designed to injure Mr. Shchegolev's reputation, interfere with his business relationships, and to gain an unfair advantage in the pending proceedings between Mr. Shchegolev and your client.

We caution you to refrain from publishing further disparaging statements* to the public, as such statements will subject your client to significant liability in the form of damages for libel and tortious interference with Mr. Shchegolev's business relationships (including, but not limited to, the pending closing on the Adobe buyout of SEMrush). In this regard, please let us know whether you have sent a similar Notice to any other non-parties, including, but not limited to, those individuals listed in your proposed revisions to Paragraph 8.8 of the Confidential Interim Settlement Agreement.

Finally, we attach the opinion in _Shamrock-Shamrock, Inc. v. Remark_, 271 So. 3d 1200, 1203 Fla. 5th DCA 2019), holding that a non-party has no duty to preserve evidence absent the existence of a contract, statute, or properly served discovery request. None

---

*We attribute these statements as being made, initiated and/or authorized by your client, as well as the prior reckless and unfounded threats about potential scenarios wherein a $700 (plus) million judgment would be entered against our client, an impending bankruptcy, and "forcing him to cede control of his company."

of these prerequisites exist in our case.  As such, please provide us with the applicable legal authority to support your Notice.

Sincerely,

HAMILTON O'NEILL PLLC

By: _____

KATHRYN DEVANE HAMILTON

KDH/aps
(Enc. as stated)

Filing # 240322049 E-Filed 01/27/2026 07:02:12 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AF"
CASE NO.: 502026CA000871XXXAMB

OLEG SHCHEGOLEV,
      Plaintiff/Petitioner

vs.

ELENA V SHCHEGOLEVA,
ROBERT HENOCH,
      Defendant/Respondents.
_____/

### UNIFORM DIFFERENTIATED CASE MANAGEMENT ORDER
### AND ORDER SETTING TRIAL
(DCMGJT)

**THIS MATTER** is a Circuit Civil case calling for a jury trial. Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(B) and 2.545(b), and Fifteenth Judicial Circuit Administrative Order 3.110 (as amended), **Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent with the initial Complaint/Petition and Summons**.

It is hereby **ORDERED AND ADJUDGED** that this case is designated to the **GENERAL TRACK** for time to disposition. The deadlines and procedures set forth in this Order will be strictly enforced unless changed by court order.

Consistent with the Professionalism Expectations of the Florida Supreme Court and the Florida Bar, the parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements. Self-Represented/*Pro Se* Litigants (i.e., those without counsel) are held to the same procedural and legal obligations as are imposed upon counsel.

I. **SCHEDULING**

A. **Calendar Call**

**YOU MUST APPEAR FOR A MANDATORY CALENDAR CALL on November 3, 2027 at 9:00 am**. The parties must be ready to try the case by that date. The actual trial period begins on the docket associated with this Calendar Call date as provided in Divisional Instructions or by court order.

Calendar Call may be conducted in person, via Zoom or by e-calendar. All parties are instructed to review the Court's Divisional Instructions for specific procedures at www.15thcircuit.com/divisions.

Page **1** of **11**

Case No. 50-2026-CA-000871-XXXA-MB

At the Calendar Call, the Court may conduct a final case management conference. Attorneys who appear for Calendar Call must be prepared on all pending matters and have authority to make representations to the Court and enter into binding agreements concerning motions, issues, and scheduling. These include issues raised by the parties' Pre-Trial Stipulation; trial procedures; jury selection procedures; jury instructions and objections; and the need for any special equipment, courtroom facilities, or interpreters. An appearing attorney must be prepared to advise the Court of all attorneys' availability for trial and future hearings as necessary.

**This Order serves as notice to the parties that failure to attend Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing.** *See* **Fla. R. Civ. P. 1.200(j)(6).**

B.  **Case Management Deadlines**

The following deadlines strictly apply unless otherwise modified by the Court:

|     | EVENTS | COMPLETION DEADLINE |
| --- | --- | --- |
| 1. | Service of Complaint | May 23, 2026; service under extension is only by court order. |
| 2. | Answer and/or initial motions/objections directed to the pleadings (i.e. to dismiss or strike) | 20 days after service |
| 3. | Initial Discovery Disclosures | 60 days after service |
| 4. | Amendment of pleadings/Adding parties | September 30, 2026 |
| 5. | Resolution of all motions/objections directed to the pleadings and pleadings closed | November 19, 2026 |
| 6. | Disclosure of Expert Witness(es) | April 17, 2027 |
| 7. | Disclosure of Rebuttal Experts | May 17, 2027 |
| 8. | Inspections, Expert Witness Depositions and Compulsory Examinations completed | August 5, 2027 |
| 9. | File Witness & Exhibit Lists | August 15, 2027 |
| 10. | Completion of Discovery relating to Summary Judgment and *Daubert* Motions | August 5, 2027 |
| 11. | File and Serve Motion(s) for Summary Judgment and *Daubert* Motions | August 15, 2027 |
| 12. | File Rebuttal Witness Lists | September 4, 2027 |
| 13. | Completion of All Discovery | September 24, 2027 |
| 14. | Pre-Trial Meet & Confer | October 4, 2027 |
| 15. | File all Pre-Trial Motions (i.e. Motions in Limine) | October 4, 2027 |
| 16. | Deadline for Mediation | October 24, 2027 |
| 17. | Deposition Designations | October 24, 2027 |
| 18. | File Joint Pre-Trial Stipulation | October 24, 2027 |

Case No. 50-2026-CA-000871-XXXA-MB

| 19. | Deadline to hear ALL Motions | October 29, 2027 |
|---|---|---|
| 20. | Jury Instructions and Verdict Form | October 31, 2027 |
| 21. | Calendar Call/Trial Ready Date | November 3, 2027 |
| 22. | Trial Period | Begins on the docket associated with the above Calendar Call date, as provided in Divisional Instructions or by court order. |

**Note: If the above deadlines fall on a weekend or holiday, please refer to Fla. R. Gen. Prac. & Jud. Admin. 2.514.**

The parties are expected to actively manage the case and to confer early and often to ensure compliance with the Florida Rules of Civil Procedure and this order in timely resolving this case. **The parties are encouraged to file, meet, and make disclosures prior to the deadlines imposed above, in order to ensure compliance with the Rules requiring timely disposition of cases**.

The Court may, at any time, modify this Order by entry of: 1) an Amended Trial Order, 2) an Amended Case Management Order; or 3) any other Order intended to establish a modified case resolution schedule, any of which shall supersede the deadlines set forth in this Order. The Court reserves the authority to expedite the trial setting and amend pretrial deadlines accordingly. The Court further retains its discretion to modify any provision herein.

C. **Motions**

Unless court approval is required to set a particular motion for hearing, the parties must expeditiously set all contested motions for hearing. All non-dispositive motions, including motions directed to the pleadings, must be scheduled for hearing within **five (5) days** of filing. Parties shall schedule the hearing for the first vacancy on the Court's docket when all parties are available. **Failure to schedule a hearing within five (5) days may result in the Court deeming the motion(s) abandoned without further notice or hearing**.

The moving party shall be the party responsible for securing the presence of a court reporter. The moving party shall advise all parties in writing in advance of the hearing or trial of the arrangements made, if any, for the presence of a court reporter, or shall advise all parties in advance of the hearing or trial that the moving party has chosen not to obtain a court reporter.

Before filing a non-dispositive motion, the movant must follow Rule 1.202 and Local Rule 4. Failure to comply with the requirements of Rule 1.202 and Local Rule 4 may result in sanctions against the non-compliant party.

The requirements of Rule 1.202 do not apply when the movant or the nonmovant is unrepresented by counsel *(pro se)*.

D. **Extensions, Modifications and Continuances**

**Extensions of Deadlines Other than Trial/Calendar Call: All motions to extend deadlines must be filed prior to the deadline**. Untimely motions will be denied absent compelling circumstances and a showing of good cause.

The parties must strictly follow Rule 1.200(e) and Administrative Order 3.110 (as amended) when filing motions for extension or modification. If the parties agree, and the extension will not prevent the case from being trial ready by the original Calendar Call date, the parties may file a motion and submit for the Court's consideration an agreed order or proposed Amended DCMO, as applicable under Rule 1.200(e)(1). The motion shall identify which deadlines are requested to be extended and the basis for the request. Each agreed order or Amended DCMO must contain agreed-upon dates for all remaining deadlines and confirm that the Calendar Call date remains as previously set. The Court will accept the amendment or direct the parties to set a DCM Conference. **Agreements to extend the dates for the filing of Summary Judgment and *Daubert* motions, and for completion of discovery, must be set for hearing, and the parties must be prepared to address how the proposed extension will not affect the Calendar Call date**.

**Motions to Continue Trial:** Motions to continue trial must strictly comply with Rule 1.460. **Motions to continue are disfavored and will rarely be granted and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case**. Failure to timely complete discovery and/or file a motion for summary judgment shall not be grounds to continue the trial.

E. **DCM Conferences**

If any party is unable to meet the deadlines set forth in this Order for any reason, including unavailability of hearing time, the affected party must promptly set a DCM conference as described in Administrative Order 3.110 (as amended), identifying the hearing time requested and the pending motion(s). DCM conferences shall be scheduled through online scheduling (OLS) on either the Court's: 1) DCM - Case Management Conference docket; or 2) Uniform Motion Calendar, in accordance with Divisional Instructions.

II. **UNIFORM PRE-TRIAL PROCEDURE**

A. TIMELY SERVICE AND DEFAULTS

Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within ninety (90) days, an Order will be issued directing service by the **ONE-HUNDRED TWENTY (120) DAY DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **thirty (30) days** of the last default and set for hearing at the next available hearing time.

B.  INITIAL DISCLOSURES

Within **sixty (60) days after service** on a defendant, and except as exempted by Rule 1.280(a)(2) or as ordered by the court, each party must, without awaiting a discovery request, provide to the other parties initial discovery disclosures in compliance with Rule 1.280(a), unless privileged or protected from disclosure.

C.  EXHIBITS AND WITNESSES

No later than **eighty (80) days before Calendar Call**, each party shall file and exchange lists of all trial exhibits, names, and addresses of all trial witnesses. Each party's witness list must include a brief description of the substance and scope of the testimony to be elicited from each witness. Both sides must cooperate in the scheduling of all witness depositions.

Each party's exhibit list shall include each exhibit separately numbered and identified. Generic or prospective designations are not allowed (e.g. insurer's file, documents to be produced, etc.). Each party shall provide for a reasonable time and place for the other parties to review and copy the exhibits.

D.  EXPERT WITNESS DISCLOSURES

In addition to the names and addresses of each expert retained to formulate an expert opinion, as well as any hybrid fact/expert witnesses, no later than **two-hundred (200) days before Calendar Call**, the parties must provide:

1. The subject matter about which the expert will testify;
2. The opinions to which the expert will testify;
3. A summary of the grounds and facts for each opinion; and
4. A copy of the expert's curriculum vitae.

**Each expert will be limited to testifying only about those matters which have been fully disclosed.**

Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. All parties shall cooperate in the scheduling of expert depositions.

The parties shall also provide answers to standard form expert interrogatories. All reports or other data compiled by each disclosed expert which are intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to all opposing parties at least 72 hours prior to the date of the

scheduled deposition.

**Rebuttal/Responsive Experts**

No later than **one-hundred seventy (170) days before Calendar Call**, the parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of all rebuttal/responsive expert witnesses' anticipated testimony to the same extent as the expert disclosure requirement above.

Within **thirty (30) days** following this disclosure, the parties shall make their rebuttal/responsive experts available for deposition. The experts' depositions may be conducted without further Court order.

E.   REBUTTAL FACT WITNESSES AND EXHIBITS

No later than **sixty (60) days before Calendar Call**, the parties must file and exchange lists of names and addresses of all rebuttal fact witnesses and lists of any rebuttal exhibits.

F.   ADDITIONAL EXHIBITS, WITNESSES OR OBJECTIONS

At trial, the parties will be strictly limited to exhibits and witnesses previously disclosed absent agreement of the parties or order of the Court upon good cause shown. A party desiring to use an exhibit or witness discovered after counsel have conferred must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Failure to reserve objections constitutes a waiver. Use of the exhibit or witness may be allowed by the Court for good cause shown.

G.   DEPOSITION DESIGNATIONS

No later than **ten (10) days prior to Calendar Call**, each party must serve deposition designations, or portions of depositions, each intends to offer as testimony. No later than **eight (8) days prior to Calendar Call**, each opposing party is to serve any counter (or "fairness") designations, together with objections to the depositions, or portions thereof, originally designated. No later than **five (5) days before Calendar Call**, each party must serve any objections to counter-designations served by an opposing party.

H.   DISCOVERY COMPLETION

All discovery relating to Summary Judgment and *Daubert* motions must be

Case No. 50-2026-CA-000871-XXXA-MB

completed no later than **ninety (90) days prior to Calendar Call**.

All discovery must be completed no later than **forty (40) days prior to Calendar Call**.

Rulings as to admission on late discovery will be made on a case by case basis. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. COUNSEL MEETING AND PRE-TRIAL STIPULATION

Counsel or the parties, if not represented by counsel, shall meet in person at a mutually convenient time and place no later than **thirty (30) days before Calendar Call** to discuss settlement, simplify the issues, and stipulate to as many facts and issues as possible, and prepare a Pre-Trial Stipulation in accordance with this paragraph.

It shall be the duty of Plaintiff's counsel to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **ten (10) days prior to Calendar Call. UNILATERAL PRE-TRIAL STIPULATIONS ARE DISALLOWED, UNLESS APPROVED BY THE COURT AFTER NOTICE AND HEARING**. If a party does not receive a substantive response to a proposed Pre-Trial Stipulation after good faith effort, such party shall file a unilateral Pre-Trial Stipulation with a certification of all efforts that were made to confer with the opposing party. Counsel for all parties are charged with good faith cooperation in preparing the Pre-Trial Stipulation, and the parties shall make exhibits available for inspection and copying. Failure to cooperate in preparing the Pre-Trial Stipulation may result in striking pleadings, witnesses, or exhibits.

The Pre-Trial Stipulation must contain the following in separately numbered paragraphs:

1. Names and contact information of attorneys to try case.
2. A list of all pending motions requiring action by the Court. **Motions not listed are deemed abandoned or waived**.
3. A statement of estimated trial time, including the total number of trial days anticipated, and the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.
4. **Statement of the Facts:** A concise statement of the facts in an impartial, easily understandable manner which may be read to the jury.
5. **Statement Facts and Agreed Rules of Law:** A list of any stipulated facts requiring no proof at trial and any agreed rules of law.
6. **Statements of Disputed Law & Fact:** A statement of disputed issues of law and fact that are to be tried.
7. **Witness Lists:** Parties must attach their previously filed Witness Lists, including rebuttal or impeachment witnesses. If any party objects to any

Case No. 50-2026-CA-000871-XXXA-MB

witness, such objections must be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties will be strictly limited to witnesses properly and timely disclosed. Only those witnesses listed by NAME will be permitted to testify at trial.

8. **Exhibit Lists:** Parties must attach their previously filed Exhibit Lists. All exhibits to be offered in evidence at trial must have been made available to opposing counsel for examination. Only those exhibits listed may be offered in evidence. If any party objects to the introduction of any such exhibit, such objection must be stated in the Pre-Trial Stipulation, setting forth the grounds with specificity. Demonstrative exhibits (e.g. PowerPoints, charts, enlargements of exhibits) to be used at a Jury Trial must be displayed to all counsel before being shown to the jury. All exhibits must be pre-marked and numbered consistent with Clerk guidelines.

9. **Jury Instructions:** Counsel must identify all agreed-upon standard jury instructions and all special instructions. Any objections or disputed jury instructions must be attached and identified as to the party that proposed the instruction [indicated in redline/track changes]. Copies of all agreed-upon instructions or disputed instructions must be attached to the Stipulation as one document, redlined as necessary, along with copies of supporting statutory citations and/or case law.

10. **Verdict Forms:** The jury verdict form must be attached and designated as agreed to or disputed.

11. **Peremptory Challenges:** State the number of peremptory challenges for each party.

12. Other agreements or issues for trial, if any.

Failure to file a Joint Pre-Trial Stipulation as provided above may result in Court-imposed sanctions, including dismissal or default without further notice of the Court.

J. <u>MOTIONS</u>

**Summary Judgment and *Daubert* Motions** must be filed at least **eighty (80) days before Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions and motions in limine), deposition objections, and expert challenges must be filed, served and heard at least **five (5) days before Calendar Call**.

K. <u>PRE-MARKING EXHIBITS</u>

Prior to trial, each party is to mark for identification all exhibits in accordance with the guidelines of the Clerk of Court. Instructions and templates may be found at: www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence.

L. <u>ENLARGED JURY PANELS</u>

Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. **To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least six (6) months before Calendar Call**. Failure to timely request an enlarged panel may result in Court-ordered sanctions, including a limitation on peremptory challenges.

M.  <u>INTERPRETERS</u>

Unless otherwise ordered by the Court, it shall be the responsibility of the party who needs the services of an interpreter, whether for a litigant or for a witness, to have a competent interpreter present in court.

N.  <u>JURY INSTRUCTIONS AND VERDICT FORM</u>

A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **three (3) days before Calendar Call** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

O.  <u>UNIQUE QUESTIONS OF LAW</u>

Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

III. **MEDIATION**

A.  <u>MEDIATION REQUIRED</u>

1.  All parties are required to participate in mediation.
2.  The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.
3.  At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.
4.  All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.
5.  The mediator has no power to compel or enforce a settlement agreement. If a

Case No. 50-2026-CA-000871-XXXA-MB

settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. <u>MEDIATION SCHEDULING</u>

**The Plaintiff's attorney is responsible for scheduling mediation**. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. <u>COMPLETION OF MEDIATION BEFORE CALENDAR CALL</u>

Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than **ten (10) days prior to Calendar Call**. If mediation is not conducted, or if a party fails to participate in mediation, the Court may impose sanctions, including monetary sanctions, striking pleadings and witnesses, and dismissal or default without further notice of the Court.

D. <u>OPPOSITION TO MEDIATION</u>

Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

IV. **<u>NON-COMPLIANCE</u>**

**NON-COMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE PLEADINGS, WITNESSES, OR EXHIBITS, ENTRY OF DEFAULT OR DISMISSAL WITHOUT FURTHER NOTICE OF THE COURT, OR IMPOSITION OF SUCH OTHER SANCTIONS AS IS JUST AND PROPER.**

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2026-CA-000871-XXXA-MB 01/27/2026
Carolyn Bell Circuit Judge

50-2026-CA-000871-XXXA-MB 01/27/2026
Carolyn Bell
Circuit Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

# ADA NOTICE

Case No. 50-2026-CA-000871-XXXA-MB

This notice is provided pursuant to Administrative Order No. 2.207-7/22

"**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

"**Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**"

"**Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**"

Filing # 241018794 E-Filed 02/04/2026 04:40:35 PM

OLEG G. SHCHEGOLEV, an individual,

      *Plaintiff*,

v.

ELENA V. SHCHEGOLEVA, an individual,
and, ROBERT HENOCH, an individual,

      *Defendants.*

_____/

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2026-CA-000871

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS

Plaintiff, Oleg G. Shchegolev, by and through his undersigned counsel and pursuant to

Florida Rule of Civil Procedure 1.370, propounds his First Request for Admissions to Defendants,

Elena V. Shchegoleva and Robert Henoch, and requests that Defendants respond to these requests

within 30 days of service at the office of undersigned counsel.

Dated: February 4, 2026

Respectfully Submitted,

**DORTA & ORTEGA, P.A.**

 **/s/ Omar Ortega**
**Omar Ortega, Esq.**
Florida Bar No.0095117
**Rosdaisy Rodriguez, Esq.**
Florida Bar No. 0112710
**Victor A. Santana, Esq.**
Florida Bar No. 1065277
**Andrea Fuentes, Esq.**
Florida Bar No. 1059745
3860 S.W. 8th Street,
PH Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
Email: oortega@dortaandortega.com
Email: rrodriguez@dortaandortega.com
Email: vsantana@dortaandortega.com
Email: afuentes@dortaandortega.com
Email: dcruz@dortaandortega.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 4, 2026, a true and correct copy of the foregoing has been filed on the Florida Court E-Filing Portal.


*s*/ Omar Ortega_____
**OMAR ORTEGA**

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Request for Admissions to Defendants
Page 2 of 8

## DEFINITIONS AND INSTRUCTIONS

1.      The following terms, whether plural or singular, shall have the meanings set forth below wherever used in these Requests for Admissions and the answers hereto:

a.   "Action" refers to the above-styled civil action.

b.   "Mr. Shchegolev" refers to Plaintiff, Oleg G. Shchegolev, his agents, representatives, employees, and any other individual acting on his behalf.

c.   "Mrs. Shchegoleva" refers to Defendant, Elena V. Shchegoleva, her agents, representatives, employees, and any other individual acting on her behalf.

d.   "Mr. Henoch" refers to Defendant, Robert Henoch, his agents, representatives, employees, and any other individual acting on his behalf.

e.   "Correspondence" refers to the correspondence emailed to multiple non-parties captioned Notice to Preserve Evidence, attached as Exhibit A to the Complaint.

f.   "Person" means an individual, natural person, corporation, partnership, firm, joint venture or other entity or group of natural persons or such entities, singular or plural, male, female, or neuter gender, as the context may require.

g.   The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information which might otherwise be construed as to be outside the scope of this discovery request.

h.   "Document" or "documentation" means any written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including originals, non-identical copies and drafts, and includes all materials within the scope of Rules 1.350, 1.340, 1.280 of the Florida Rules of Civil Procedure, but is not limited to papers, books, letters, correspondence, telegrams, studies, surveys, contracts, licenses, agreements, notes, memoranda, inter-office communications,

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Request for Admissions to Defendants
Page 3 of 8

charts, books of account, computer print-outs, statements, transcripts, bills of sale, legal pleadings, vouchers, bank checks, bank records, business records, invoices, drafts, promissory notes, charge slips, statistical records, employee notebooks, desk calendars, appointment books, diaries, and all communicative materials of any kind.

i. "Communication" means any contact, oral or written, formal or informal, whereby information of any nature was transmitted, transferred or exchanged. "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion, conversation, or direct or indirect representation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

j. "Any" shall be understood to include and encompass "all" and vice-versa.

k. "Reflecting," "reflect" or any other derivative thereof as used herein, shall be construed as referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, concerning, analyzing and constituting.

l. "Related to" shall mean, directly or indirectly, refer to, reflect, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

m. "You" and "your" shall refer to Elena V. Shchegoleva and Robert Henoch, collectively the Defendants in this case, and/or their predecessors-in-interests, successors in interest, employees, representatives, agents; and encompasses any one or more of these Persons, individually or together, who may have responsive information and/or to whom the request is or may be applicable.

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Request for Admissions to Defendants
Page 4 of 8

2. If the answering party denies any matter set forth below, then the "answer shall specifically deny the matter or set forth in detail the reason why the answering party cannot truthfully admit or deny the matter." Florida Rules of Civil Procedure 1.370. Further, "when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." *Id.* The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. *Id.*

3. Mr. Shchegolev reserves all rights to serve additional requests, to move to compel, and to seek sanctions for spoliation or non-compliance.

## REQUESTS FOR ADMISSIONS

1. Admit that You or an individual acting on behalf of the Law Offices of Robert Henoch PLLC prepared and sent a Correspondence titled "Notice to Preserve Evidence" to Plaintiff's counsel and non-parties.

2. Admit that within the Correspondence you, or an individual acting on behalf of the Law Offices of Robert Henoch PLLC, prepared and sent titled "Notice to Preserve Evidence", You made at least one statement concerning Plaintiff.

3. Admit that when You or an individual acting on behalf of the Law Offices of Robert Henoch PLLC sent the Correspondence titled "Notice to Preserve Evidence", You sent it with the intent that the statements You made concerning Plaintiff would be read by non-parties unrelated to this legal proceeding.

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Request for Admissions to Defendants
Page 5 of 8

4. Admit that You lack documentary evidence supporting the statement You made in the Correspondence titled "Notice to Preserve Evidence" asserting the existence of "fraudulent conduct involving Mr. Shchegolev."

5. Admit that, at least, the statement "fraudulent conduct involving Mr. Shchegolev" created a false impression about Mr. Shchegolev.

6. Admit that the statement "fraudulent conduct involving Mr. Shchegolev" harmed Mr. Shchegolev's reputation.

7. Admit that the statement "fraudulent conduct involving Mr. Shchegolev" could negatively affect Mr. Shchegolev's personal or professional relationships.

8. Admit that You knew the statement "fraudulent conduct involving Mr. Shchegolev" was false at the time You made it.

9. Admit that You acted with reckless disregard for the truth or falsity when making the statement "fraudulent conduct involving Mr. Shchegolev".

10. Admit that You understood that making the statement "fraudulent conduct involving Mr. Shchegolev" could harm Mr. Shchegolev.

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Request for Admissions to Defendants
Page 6 of 8

Dated: February 4, 2026.

Respectfully submitted,

**DORTA & ORTEGA, P.A.**

 /s/   *Omar Ortega*
**Omar Ortega, Esq.**
Florida Bar No.: 0095117
**Rosdaisy Rodriguez, Esq.**
Florida Bar No. 0112710
**Victor Santana, Esq.**
Florida Bar No.: 1065277
**Andrea Fuentes, Esq.**
Florida Bar No.: 1059745
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Phone: (305)461-5454
Facsimile: (305)461-126
Email: OOrtega@dortaandortega.com
Email: RRodriguez@dortaandortega.com
Email: VSantana@dortaandortega.com
Email: AFuentes@dortaandortega.com
Email: DCruz@dortaandortega.com
Email: TGonzalez@dortaandortega.com

*Counsel for Plaintiff*

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Request for Admissions to Defendants
Page 7 of 8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 4, 2026, a true and correct copy of the foregoing

has been filed on the Florida Court E-Filing Portal.

<u>/s/ **Omar Ortega**</u>
Omar Ortega

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Request for Admissions to Defendants
Page 8 of 8

Filing # 241018794 E-Filed 02/04/2026 04:40:35 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

OLEG G. SHCHEGOLEV, an individual,

GENERAL JURISDICTION DIVISION
CASE NO.: 2026-CA-000871

*Plaintiff,*

v.

ELENA V. SHCHEGOLEVA, an individual,
and, ROBERT HENOCH, an individual,

*Defendants.*

_____/

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Plaintiff, Oleg G. Shchegolev, pursuant to Florida Rule of Civil Procedure 1.350, hereby serves this First Request for Production of Documents to Defendants, Elena V. Shchegoleva and Robert Henoch, and requests it to be responded to as provided in the Florida Rules of Civil Procedure.

**Definitions and Instructions**

A.    The following terms, whether plural or singular, shall have the meanings set forth below wherever used in this Request for Production and the responses hereto:

i.    "Action" refers to the above-styled civil action.

ii.    "Mr. Shchegolev" refers to Plaintiff, Oleg G. Shchegolev, his agents, representatives, employees, and any other individual acting on his behalf.

iii.    "Mrs. Shchegoleva" refers to Defendant, Elena V. Shchegoleva, her agents, representatives, employees, and any other individual acting on her behalf.

iv.    "Mr. Henoch" refers to Defendant, Robert Henoch, his agents, representatives, employees, and any other individual acting on his behalf.

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Request for Production of Documents to Defendants
Page 1 of 11

v.   "Correspondence" refers to the correspondence emailed to multiple non-parties captioned Notice to Preserve Evidence, attached as Exhibit A to the Complaint.

vi.   "Person" or "Third party" means an individual, natural person, corporation, partnership, firm, joint venture or other entity or group of natural persons or such entities, singular or plural, male, female, or neutral gender, as the context may require.

vii.   The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information which might otherwise be construed as to be outside the scope of this discovery request.

viii.   "Document" or "documentation" is intended to have the broadest meaning possible, and shall include any written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including originals, non-identical copies and drafts, and includes all materials within the scope of Rule 1.350 of the Florida Rules of Civil Procedure, but is not limited to papers, books, letters, correspondence, telegrams, studies, surveys, contracts, licenses, agreements, notes, memoranda, inter-office communications, charts, books of account, computer print-outs, statements, transcripts, bills of sale, legal pleadings, vouchers, bank checks, bank records, business records, invoices, drafts, promissory notes, charge slips, statistical records, employee notebooks, desk calendars, appointment books, diaries, e-mails, text messages, instant messages, memoranda, and all communicative materials of any kind.

ix.   "Communication" means any contact, oral or written, formal or informal, whereby information of any nature was transmitted, transferred or exchanged.

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Request for Production of Documents to Defendants
Page 2 of 11

"Communications" shall mean any oral or written statement, dialogue, colloquy, discussion, conversation, direct or indirect representation, any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

x.   "Any" shall be understood to include and encompass "all" and vice-versa.

xi.   "Reflecting", "reflect" or any other derivative thereof as used herein, shall be construed as referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, demonstrating, evidencing, describing, concerning, analyzing, and constituting.

xii.   "Related to" shall mean, directly or indirectly, refer to, reflect, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

xiii.   "You" and "your" shall refer to Elena V. Shchegoleva and Robert Henoch, collectively the Defendants in this case, and/or their predecessors-in-interests, successors in interest, employees, representatives, or agents; and encompasses any one or more of these Persons, individually or together, who may have responsive information and/or to whom the request is or may be applicable.

B.   If the request calls for the description of a communication writing or document as to which You claim privilege or work product protection, or any other privilege or protection for any document, identify each document, and with respect to each such document, state the specific basis for the claim for privilege or protection and provide the information described, including the following information for each such communication, writing or document:

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Request for Production of Documents to Defendants
Page 3 of 11

    a.      for documents:

        a.   the type of document;

        b.   the general subject matter of the document;

        c.   the date of the document;

        d.   the author(s) of the document;

        e.   the addressee(s) of the document;

        f.   where not apparent, the relationship of the author and addressee to each other; and

        g.   the specific basis for the claim of privilege or protection.

    b.      for oral communications:

        a.   the name of the person(s) making the communications and the names of the persons present while the communications were made and, where not apparent, the relationship of the persons present and the person making the communications.

        b.   the date and place of communication.

        c.   the general subject matter of communication; and

        d.   the specific basis for the claim of privilege or protection.

Each request for documents is intended to include all documents within Your possession, custody or control, and within the possession, custody or control of Your attorneys, employees, agents, representatives, and any other person employed or retained on Your behalf.

C.    With respect to electronically stored information ("ESI") being produced:

        a.   All other Documents responsive to these requests that are maintained in the usual course of business in electronic format shall be produced as individual searchable

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
<u>Plaintiff's First Request for Production of Documents to Defendants</u>
Page 4 of 11

.pdfs without security and with a CSV load file which includes metadata fields (i.e. Custodian, Bates Start, Bates End, To, From, CC, Date Sent, Time Sent, Subject, etc.), with an image file name field that correlates to the .pdfs.

b. All Documents responsive to these requests shall be produced with the metadata normally contained within such documents. If such metadata is not available, each document shall be accompanied by a listing of all file properties concerning such document, including, but not limited to, all information concerning the date(s) the document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the document.

c. Family groups should be preserved so that attachments are paired with the parent document.

d. If any ESI is produced in a form that is not reasonably useable, we reserve the right to request that specific and individual documents be delivered in a different form, including native form. The native files should be preserved.

Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use the ESI. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with the undersigned counsel. If you decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost you claim is associated with the search or production of such ESI.

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Request for Production of Documents to Defendants
Page 5 of 11

D.       When used in the course of an enumeration of items as to which documents or information are requested, the terms "or" and "and" are to be construed as requesting documents or information as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.  Similarly, the terms "each" and "all" are to be construed as a request that every document or piece of information be identified separately.

E.       These Requests are to be deemed continuing and to require the furnishing of additional, updated, or revised information as it becomes available to you.

F.       The production of the conversation requested shall include any messages that have been deleted or not sent. In the event a message from the conversation was deleted or not sent then a disclosure statement shall be produced stating the content of that message.

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Request for Production of Documents to Defendants
Page 6 of 11

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1. **REQUEST NO. 1:** A copy of any document evidencing the engagement/representation agreement, or payment agreement, between Mr. Henoch and/or any entity or law firm Mr. Henoch is affiliated with and Mrs. Shchegoleva for any legal action.

   **RESPONSE:**

2. **REQUEST NO. 2:** A copy of any document evidencing the engagement/representation agreement, or payment agreement, between Mr. Henoch and/or any entity or law firm Mr. Henoch is affiliated with and Mrs. Shchegoleva's counsel, Zhanna Tomashevskaya, for any legal action.

   **RESPONSE:**

3. **REQUEST NO. 3:** A copy of any document evidencing the engagement/representation agreement, or payment agreement, between Mrs. Shchegoleva and Mrs. Shchegoleva's counsel, Zhanna Tomashevskaya, and/or any entity or law firm Zhanna Tomashevskaya is affiliated with for any legal action.

   **RESPONSE:**

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Request for Production of Documents to Defendants
Page 7 of 11

4. **REQUEST NO. 4:** A copy of each Correspondence titled "Notice to Preserve Evidence," wherein Mr. Shchegolev is mentioned, that You or an individual acting on behalf of the Law Offices of Robert Henoch PLLC sent to non-parties.

   **RESPONSE:**

5. **REQUEST NO. 5:** Any and all communications regarding each Correspondence titled "Notice to Preserve Evidence," wherein Mr. Shchegolev is mentioned, that You or an individual acting on behalf of the Law Offices of Robert Henoch PLLC sent to non-parties.

   **RESPONSE:**

6. **REQUEST NO. 6:** Any and all documents listing or reflecting the names of each and every non-party that You or an individual acting on behalf of the Law Offices of Robert Henoch PLLC sent Correspondence titled "Notice to Preserve Evidence," wherein Mr. Shchegolev is mentioned.

   **RESPONSE:**

7. **REQUEST NO. 7:** A copy of every email sending and/or attaching the Correspondence titled "Notice to Preserve Evidence," wherein Mr. Shchegolev is mentioned, to a non-party.

   **RESPONSE:**

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Request for Production of Documents to Defendants
Page 8 of 11

8. **REQUEST NO. 8:** Any and all communications between any non-party and You or an individual acting on behalf of the Law Offices of Robert Henoch PLLC regarding Mr. Shchegolev's "fraudulent conduct" asserted in the Correspondence titled "Notice to Preserve Evidence," wherein Mr. Shchegolev is mentioned.

   **RESPONSE:**

9. **REQUEST NO. 9:** Any and all documents supporting Mr. Shchegolev's "fraudulent conduct", as asserted in the Correspondence titled "Notice to Preserve Evidence."

   **RESPONSE:**

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Request for Production of Documents to Defendants
Page 9 of 11

Dated: February 4, 2026.                              Respectfully submitted,


                                                     **DORTA & ORTEGA, P.A.**


                                                      /s/   *Omar Ortega*
                                                     **Omar Ortega, Esq.**
                                                     Florida Bar No.: 0095117
                                                     **Rosdaisy Rodriguez, Esq.**
                                                     Florida Bar No. 0112710
                                                     **Victor Santana, Esq.**
                                                     Florida Bar No.: 1065277
                                                     **Andrea Fuentes, Esq.**
                                                     Florida Bar No.: 1059745
                                                     3860 SW 8th Street, PH
                                                     Coral Gables, Florida 33134
                                                     Phone: (305)461-5454
                                                     Facsimile: (305)461-126
                                                     Email: OOrtega@dortaandortega.com
                                                     Email: RRodriguez@dortaandortega.com
                                                     Email: VSantana@dortaandortega.com
                                                     Email: AFuentes@dortaandortega.com
                                                     Email: DCruz@dortaandortega.com
                                                     Email: TGonzalez@dortaandortega.com

                                                     ***Counsel for Plaintiff***

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Request for Production of Documents to Defendants
Page 10 of 11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2026, a true and correct copy of the foregoing

has been filed on the Florida Court E-Filing Portal.

**/s/ Omar Ortega**
Omar Ortega

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Request for Production of Documents to Defendants
Page 11 of 11

OLEG G. SHCHEGOLEV, an individual,

*Plaintiff*,

v.

ELENA V. SHCHEGOLEVA, an individual, and, ROBERT HENOCH, an individual,

*Defendants.*

_____/

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2026-CA-000871

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff, Oleg G. Shchegolev, pursuant to Florida Rules of Civil Procedure 1.340 and 1.280, hereby propounds First Set of Interrogatories to Defendants, Elena V. Shchegoleva and Robert Henoch, to be answered under oath and in writing within thirty (30) days of service.

Definitions and Instructions

1.     The following terms, whether plural or singular, shall have the meanings set forth below wherever used in these Interrogatories and the answers hereto:

   a.     "Action" refers to the above-styled civil action.

   b.     "Mr. Shchegolev" refers to Plaintiff, Oleg G. Shchegolev, his agents, representatives, employees, and any other individual acting on his behalf.

   c.     "Mrs. Shchegoleva" refers to Defendant, Elena V. Shchegoleva, her agents, representatives, employees, and any other individual acting on her behalf.

   d.     "Mr. Henoch" refers to Defendant, Robert Henoch, his agents, representatives, employees, and any other individual acting on his behalf.

   e.     "Correspondence" refers to the correspondence emailed to multiple non-parties captioned Notice to Preserve Evidence, attached as Exhibit A to the Complaint.

f.     "Person" means an individual, natural person, corporation, partnership, firm, joint venture or other entity or group of natural persons or such entities, singular or plural, male, female, or neuter gender, as the context may require.

g.     The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information which might otherwise be construed as to be outside the scope of this discovery request.

h.     "Document" or "documentation" means any written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including originals, non-identical copies and drafts, and includes all materials within the scope of Rules 1.350, 1.340, 1.280 of the Florida Rules of Civil Procedure, but is not limited to papers, books, letters, correspondence, telegrams, studies, surveys, contracts, licenses, agreements, notes, memoranda, inter-office communications, charts, books of account, computer print-outs, statements, transcripts, bills of sale, legal pleadings, vouchers, bank checks, bank records, business records, invoices, drafts, promissory notes, charge slips, statistical records, employee notebooks, desk calendars, appointment books, diaries, and all communicative materials of any kind.

i.     "Communication" means any contact, oral or written, formal or informal, whereby information of any nature was transmitted, transferred or exchanged. "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion, conversation, or direct or indirect representation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
<u>Plaintiff's First Set of Interrogatories to Defendants</u>
Page 2 of 8

j.      "Any" shall be understood to include and encompass "all" and vice-versa.

k.      "Reflecting," "reflect" or any other derivative thereof as used herein, shall be construed as referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, concerning, analyzing and constituting.

l.      "Related to" shall mean, directly or indirectly, refer to, reflect, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

m.      "You" and "your" shall refer to Elena V. Shchegoleva and Robert Henoch, collectively the Defendants in this case, and/or their predecessors-in-interests, successors in interest, employees, representatives, agents; and encompasses any one or more of these Persons, individually or together, who may have responsive information and/or to whom the request is or may be applicable.

2.   In answering these Interrogatories, you are required not only to furnish such information as you know of your own personal knowledge, but also information which is in the possession of your attorneys, accountants, investigators, or anyone else acting on your behalf or their behalf.

3.   An interrogatory calling for the identification of a person is a request that you provide the following information:

a.      With respect to a natural person, his or her full name and present last known home and business addresses and telephone numbers, place of employment and title (or position).

b.      If, for any natural person, the information available at the time with which a

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Interrogatories to Defendants
Page 3 of 8

particular interrogatory is concerned is different than the information available at the time of preparing the response to the interrogatory, supply both current information and such information as applied to the time in question.

    a.      The type of document;

    b.      The general subject matter;

    c.      The date of the document;

    d.      The author(s); and

    e.      The addressee(s).

4. When, after reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, because of lack of information available to you, specify in full and complete detail the reason the information is not available to you and what has been done to locate such information.  In addition, specify what knowledge you do have concerning the unanswered portion of the interrogatory and set forth the facts upon which such knowledge is based.

5. Where an interrogatory does not request a specific fact, but where such fact or facts are necessary to make the answer to the interrogatory either comprehensible, complete or not misleading, you are requested to include such fact or facts as part of the answer and the interrogatory shall be deemed specifically to request such fact or facts.

6. If you claim any form of privilege, whether based on a statute or otherwise, as a ground for not answering an interrogatory or any portion thereof, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

7. Where an interrogatory calls for the description of a communication writing or document

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Interrogatories to Defendants
Page 4 of 8

as to which you claim privilege or work product protection, or any other privilege or protection for any document, identify each document and, with respect to each such document, state the specific basis for the claim for privilege or protection and provide the following information for each such communication, writing or document:

a.    for documents:

    a.    the type of document;

    b.    the general subject matter of the document;

    c.    the date of the document;

    d.    the author(s) of the document;

    e.    the addressee(s) of the document;

    f.    where not apparent, the relationship of the author and addressee to each other; and

    g.    the specific basis for the claim of privilege or protection.

b.    for oral communications:

    a.    the name of the person(s) making the communications and the names of the persons present while the communications were made and, where not apparent, the relationship of the persons present and the person making the communications;

    b.    the date and place of communication;

    c.    the general subject matter of communication; and

    d.    the specific basis for the claim of privilege or protection.

8.    For the purpose of these interrogatories, wherever necessary to ensure completeness or accuracy, words employing the singular number include the plural, and words employing

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Interrogatories to Defendants
Page 5 of 8

the plural include the singular; similarly, words employing the masculine gender include the feminine and neuter genders, and words employing the neuter gender include the masculine and feminine genders.

9.     When used in the course of an enumeration of items as to which documents or information are requested, the terms "or" and "and" are to be construed as requesting documents or information as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.  Similarly, the terms "each" and "all" are to be construed as a request that every document or piece of information be identified separately.

10.    These interrogatories are to be deemed continuing and to require the furnishing of additional, updated or revised information as it becomes available to you.

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Interrogatories to Defendants
Page 6 of 8

## **INTERROGATORIES**

1.  Please state the name of all the recipients that were sent the Correspondence titled "Notice to Preserve Evidence", signed by Mr. Henoch, in relation to the legal matters involving Mr. Shchegolev sent by You, or someone under Your instruction.

2.  For each Person identified in response to Interrogatory No. 1, please state through what channels You, or someone under Your instruction, sent the Correspondence titled "Notice to Preserve Evidence", signed by Mr. Henoch.

3.  Please describe in detail and all facts supporting the "fraudulent conduct" that You assert Mr. Shchegolev engaged in according to the Correspondence titled "Notice to Preserve Evidence", signed by Mr. Henoch.

4.  Please describe in detail the basis under which You assert that Mr. Shchegolev engaged in "fraudulent conduct" and all facts supporting the assertion, as stated in the Correspondence titled "Notice to Preserve Evidence", signed by Mr. Henoch.

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Interrogatories to Defendants
Page 7 of 8

**VERIFICATION**

The answers to the foregoing Interrogatories are true and correct to the best of my knowledge.

_____
Name

_____
Title
For:

STATE OF _____

COUNTY OF _____

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2026, by _____, who after having produced _____ as identification or who is personally known to me.

The foregoing instrument was acknowledged before me, by means of ☐ physical presence or ☐ online notarization, this _____ day of _____, 2026, by _____.

_____
Notary Public
Print Name:_____

My Commission Expires:

*Oleg G. Shchegolev v. Elena V. Shchegoleva and Robert Henoch*
Plaintiff's First Set of Interrogatories to Defendants
Page 8 of 8

Filing # 241521435 E-Filed 02/11/2026 12:11:49 PM

|  | IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA |
|---|---|

OLEG G. SHCHEGOLEV, an individual,

*Plaintiff*,

v.

ELENA V. SHCHEGOLEVA, an individual, and, ROBERT HENOCH, an individual

*Defendant.*

_____/

GENERAL JURISDICTION DIVISION
CASE NO.: 50-2026-CA-000871-XXXA-MB

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this Summons, Uniform Differentiated Case Management Order and Order Setting Trial, Request for Production, Request for Admissions, Interrogatories, and a copy of the Complaint on the following Defendant:

**ELENA V. SHCHEGOLEVA**
**Carrer de Joan d'Alòs, 1, Les Corts, 08034 Barcelona, Spain**

Each defendant is required to serve written defenses to this Complaint on Plaintiff's

attorney named below:

**Omar Ortega, Esquire**
**DORTA & ORTEGA, P.A.**
**3860 S.W. 8th Street, Suite PH**
**Coral Gables, Florida 33134**
**Tel: (305) 461-5454**
**oortega@dortaandortega.com**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written Response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements.

*Oleg Shchegolev v. Elena Shchegoleva, et al.*
**SUMMONS**
Page 1 of 3

You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written Response to the Court you must also mail or take a copy of your written Response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada Telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y  los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisites legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vois biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expediter une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

DATED ON   **Feb 13 2026**  , 2026.

(SEAL)



CLERK OF THE CIRCUIT COURT

(Name of Clerk)
As Clerk of Said Court

By _____
Deputy Clerk

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2026-CA-000871

OLEG G. SHCHEGOLEV, an individual,

        *Plaintiff,*

v.

ELENA V. SHCHEGOLEVA, an individual,
and, ROBERT HENOCH, an individual,

        *Defendants.*

_____/

## ORDER GRANTING MOTION TO SERVE PROCESS ON DEFENDANT, ELENA V. SHCHEGOLEVA, ELECTRONICALLY BY EMAIL

THIS CAUSE was before the Court on March 11, 2026, upon hearing Oleg Shchegolev's ("Mr. Shchegolev") Motion to Serve Process on Defendant, Elena V. Shchegoleva ("Mrs. Shchegoleva"), Electronically by Email. [DE 14]. The Court having reviewed the file, and being otherwise duly advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

1. Mr. Shchegolev's Motion to Serve Process on Defendant, Elena V. Shchegoleva, Electronically by Email is **GRANTED.**

2. Mr. Shchegolev may serve Mrs. Shchegoleva, with the Complaint, Summons, and all related initial case filings electronically via email pursuant to § 48.197(c), Fla. Stat. (2025) and *Wepard Corporation, Ltd. v. Diaz, Reus & Targ, LLP*, 2026 WL 158085 (Fla. 3d DCA 2026).

3. Mrs. Shchegoleva shall file her response to the Complaint within twenty (20) days of Mr. Shchegolev's email serving him with the same.

4. The Court reserves jurisdiction to enforce the terms of this Order and to enter further orders to enforce the terms of this Order.

    **DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida

502026CA000871XXXAMB   03/16/2026
Carolyn Bell
Circuit Judge

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

OLEG G. SHCHEGOLEV, an individual,

GENERAL JURISDICTION DIVISION

*Plaintiff,*

CASE NO.: 2026-CA-000871

v.

ELENA V. SHCHEGOLEVA, an individual, and, ROBERT HENOCH, an individual,

*Defendants.*

_____/

### <u>ORDER GRANTING MOTION TO SERVE PROCESS ON DEFENDANT, ROBERT HENOCH, ELECTRONICALLY BY EMAIL</u>

THIS CAUSE was before the Court on March 11, 2026, upon hearing Oleg Shchegolev's ("Mr. Shchegolev") Motion to Serve Process on Defendant, Robert Henoch ("Mr. Henoch"), Electronically by Email. [DE 15]. The Court having reviewed the file, and being otherwise duly advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

1. Mr. Shchegolev's Motion to Serve Process on Defendant, Robert Henoch, Electronically by Email is **GRANTED.**

2. Mr. Shchegolev may serve Mr. Henoch, with the Complaint, Summons, and all related initial case filings electronically via email pursuant to § 48.197(c), Fla. Stat. (2025) and *Wepard Corporation, Ltd. v. Diaz, Reus & Targ, LLP*, 2026 WL 158085 (Fla. 3d DCA 2026).

3. Mr. Henoch shall file his response to the Complaint within twenty (20) days of Mr. Shchegolev's email serving him with the same.

4. The Court reserves jurisdiction to enforce the terms of this Order and to enter further orders to enforce the terms of this Order.

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida

502026CA000871XXXAMB   03/16/2026
Carolyn Bell   Circuit Judge

502026CA000871XXXAMB   03/16/2026
Carolyn Bell
Circuit Judge

Filing # 243968619 E-Filed 03/17/2026 11:28:00 AM

|  | IN THE CIRCUIT COURT OF THE |
|---|---|
|  | FIFTEENTH JUDICIAL CIRCUIT IN AND |
|  | FOR PALM BEACH COUNTY, FLORIDA |

OLEG G. SHCHEGOLEV, an individual,

GENERAL JURISDICTION DIVISION
CASE NO.: 50-2026-CA-000871-XXXA-MB

*Plaintiff*,

v.

ELENA V. SHCHEGOLEVA, an individual,
and, ROBERT HENOCH, an individual

*Defendant.*

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this Summons, Uniform Differentiated Case Management Order and Order Setting Trial, Request for Production, Request for Admissions, Interrogatories, and a copy of the Complaint on the following Defendant:

**ROBERT HENOCH**
**robert@rhenochlaw.com**

Each defendant is required to serve written defenses to this Complaint on Plaintiff's

attorney named below:

**Omar Ortega, Esquire**
**DORTA & ORTEGA, P.A.**
**3860 S.W. 8th Street, Suite PH**
**Coral Gables, Florida 33134**
**Tel: (305) 461-5454**
**oortega@dortaandortega.com**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written Response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements.

FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 03/17/2026 11:28:00 AM

You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written Response to the Court you must also mail or take a copy of your written Response to the "Plaintiff/Plaintiff's Attorney" named below.

## **IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada Telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y  los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisites legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## **IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vois biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expediter une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

*Oleg Shchegolev v. Elena Shchegoleva, et al.*
**SUMMONS**
Page 2 of 3

DATED ON _____**Mar 18 2026**_____, 2026.

(SEAL)



CLERK OF THE CIRCUIT COURT

(Name of Clerk)
As Clerk of Said Court

By: _____

Deputy Clerk

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

*Oleg Shchegolev v. Elena Shchegoleva, et al.*
**SUMMONS**
Page 3 of 3